UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JON Q. WRIGHT and JQ LICENSING, LLC,

                   Plaintiffs,

    v.

ROCHESTER SPORTFISHING, INC.,
ROCHESTER MARINE DECKING, LLC *d/b/a*
DEKIT OF ROCHESTER, KEVIN MAMMANO
*a/k/a* KIP MAMMANO, BRANDON WHITE,
and PALMER GRAPHIC SOLUTIONS LLC
*d/b/a* VITAL SIGNS AND GRAPHICS,

                   Defendants.

**DECISION AND ORDER**

6:24-CV-06240 CJS CDH

## INTRODUCTION

Plaintiffs Jon Q. Wright ("Mr. Wright") and JQ Licensing, LLC ("JQ Licensing") (collectively "Plaintiffs") assert claims of copyright infringement against defendants Rochester Sportfishing, Inc. ("RSF"), Rochester Marine Decking, LLC d/b/a DEKit of Rochester ("DEKit"), Kevin Mammano a/k/a Kip Mammano, and Brandon White (collectively "Defendants")[1] pursuant to 17 U.S.C. §§ 101 *et seq*. (Dkt. 1; Dkt. 33). Plaintiffs claim that Defendants engaged in "willful copyright infringement of Plaintiffs' copyrighted and valuable illustrations . . . [i]n order to promote, [and] advertise" for RSF's charter fishing company. (*Id*. at ¶¶ 1, 30, 33).

---

[1] Defendant Palmer Graphic Solutions LLC d/b/a Vital Signs and Graphics was served on November 8, 2024 (Dkt. 36) and has not appeared. A Clerk's Entry of Default as to this defendant was entered on December 5, 2024. (Dkt. 39).

Plaintiffs have filed a motion to compel pursuant to Federal Rule of Civil Procedure 37. (Dkt. 26).  Defendants oppose Plaintiffs' motion. (Dkt. 29).  For the reasons that follow, Plaintiffs' motion is granted in part and denied in part.

## BACKGROUND

### I.     Factual Background

Mr. Wright is the "author of numerous fish illustrations, including the two works of art that are the subject of this litigation[.]" (Dkt. 33 at ¶ 2).  Mr. Wright "licenses his work exclusively through JQ Licensing." (*Id.* at ¶ 4).  In 1993 and 2000, Mr. Wright authored two illustrations depicting salmon ("Salmon Trolling" and "Legends Salmon," respectively), both of which he registered with the U.S. Copyright Office. (*Id.* at ¶¶ 14-17).

Plaintiffs allege that RSF, "a charter fishing company . . . in which customers pay to have Mammano and/or White captain a boat into the waters of Lake Ontario and thereafter fish those waters," engaged in copyright infringement by using Mr. Wright's illustrations to "promote, advertise, or otherwise market the RSF business . . ." (*Id.* at ¶¶ 30-31).  More particularly, Defendants allegedly incorporated Mr. Wright's illustrations in their marketing materials, including one of RSF's boats, "stickers applied to water coolers, clothing, and decals applied to Mammano's and White's personal automobiles." (*Id.* at ¶¶ 31, 33).  After discovering Defendants' alleged acts of infringement in March of 2024, Plaintiffs sent a cease-and-desist letter to Defendants that Plaintiffs contend Defendants ignored, continuing to engage in infringing behavior. (*Id.* at ¶¶ 54-68).

II.    <u>**Procedural Background**</u>

This matter has been referred to the undersigned for all non-dispositive pretrial proceedings. (*See* Dkt. 20; Dkt. 40).

Plaintiffs commenced this action on April 23, 2024. (Dkt. 1). The operative pleading in this action is the first amended complaint, filed November 5, 2025. (Dkt. 33). On August 8, 2024, Plaintiffs served their first sets of interrogatories and requests for production of documents on RSF and DEKit respectively. (Dkt. 26-1 at 5; Dkt. 26-3 at 10; Dkt. 26-4 at 10; Dkt. 26-5 at 8; Dkt. 26-6 at 9). After disputes regarding the timing of Defendants' responses and productions arose, Plaintiffs requested to schedule a meet-and-confer. (Dkt. 26-1 at 6). On September 26, 2024, "counsel for the parties conferred via telephone" to attempt to resolve their discovery disputes, to no avail. (*Id.*).

On October 8, 2024, Plaintiff filed the instant motion pursuant to Rule 37, seeking an order compelling Defendants to serve answers to Plaintiffs' interrogatories and to serve complete responses to Plaintiffs' requests for document production. (Dkt. 26). Plaintiffs further request that all objections to their interrogatories and requests for document production be deemed waived and/or overruled, and that they be awarded attorney's fees. (Dkt. 26-1 at 16). Plaintiffs argue that "Defendants have completely failed to serve any genuine discovery in response to Plaintiffs['] . . . Requests for Document Production." (*Id.* at 5). Further, according to Plaintiffs, Defendants merely promised to produce documents responsive to Plaintiffs' requests

at a later undisclosed time and "completely failed to serve Answers to Plaintiffs' Interrogatories." (*Id.*).

On October 23, 2024, Defendants filed their opposition arguing that Plaintiffs' motion to compel was moot because Defendants "acted in good faith, . . . served Answers to Interrogatories without objections, . . . served Revised Responses to Requests for Production without objections, . . . [and] there has been no prejudice to Plaintiffs[.]" (Dkt. 29 at 2). Defendants served their answers to interrogatories and revised responses to requests for production on October 23, 2024, the same day they filed their response to Plaintiffs' motion to compel. (Dkt. 30-1 at ¶ 3; Dkt. 30-2 at 7; Dkt. 30-3 at 6; Dkt. 30-4 at 5; Dkt. 30-5 at 5).

Plaintiffs filed a reply on October 30, 2024, arguing that while Defendants did file answers to Plaintiffs' interrogatories and revise their responses to Plaintiffs' document production requests, "Defendants' discovery responses remain substantially deficient[.]" (Dkt. 30 at 5-6). First, Plaintiffs argue that Defendants' response was procedurally defective because it violated Rule 7 of the Local Rules for the Western District of New York. (*Id.* at 5). Second, Plaintiffs contend that Defendants' interrogatory responses violate Rule 33 because they were not made under oath. (*Id.* at 6). Third, Plaintiffs argue that Defendants improperly continue to promise document productions at a later undisclosed time rather than produce any documents. (*Id.* at 8). Plaintiffs also argue the Court should deem any future objections to Plaintiffs' requests for production waived and award Plaintiffs

reasonable attorneys' fees incurred in bringing their motion to compel. (*Id.* at 9-10, 12-13).

## DISCUSSION

### I.    Legal Standard

Pursuant to Federal Rule of Civil Procedure Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Under Rule 37, following a good-faith effort to meet and confer and upon notice to all parties, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'" *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV-11681 GBDSN, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)). "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

### II.    Failure to Comply with the Court's Local Rules

Western District of New York Local Rule of Civil Procedure 7(a)(3) provides that, with limited exceptions not applicable here, "motions and opposition to motions shall be supported by at least one (1) affidavit, declaration or affirmation, and by such

other evidence . . . as appropriate to resolve the particular motion.  Failure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party."  Loc. R. Civ. P. 7(a)(3); *see Wright v. Ruppert*, No. 23-CV-823-JLS-SR, No. 21 at 4 (W.D.N.Y. Jan. 11, 2024) (reminding Defendants' counsel that the opposition to a motion must include "an affidavit or declaration as required by the Local Rules for the Western District of New York").  The Court's Scheduling Order on the instant motion to compel reminded the parties that "the content of papers must be in accordance with Local Rules of Civil Procedure, Rules 7 and 5.1," and warned that papers not compliance would not be considered.  (Dkt. 27 at 1).

Defendants' response is unaccompanied by any affidavit, declaration, or affirmation, violating this Court's Local Rules. (Dkt. 30 at 5).  The Court would be justified in declining to consider their response on this basis alone.  Nonetheless, in the exercise of its broad discretion to "decide when a departure from its Local Rules should be excused or overlooked," *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1048 (2d Cir. 1991), *superseded by rule on other grounds*, Fed. R. Civ. P. 5(d)(4) & 83(a)(2), the Court has considered the merits of Defendants' opposition.  Defendants are cautioned, however, that the Court will not be inclined to overlook any future failures to comply with the Local Rules.

## III.    Failure to Provide Properly Verified Responses to Interrogatories

"[A] party may serve on any other party no more than 25 written interrogatories[.]" Fed. R. Civ. P. 33(a)(1).  "The rule governing interrogatories provides . . . that each interrogatory must, to the extent it is not objected to, be

answered separately and fully in writing *under oath*." *Richard v. Dignean*, 332 F.R.D. 450, 457 (W.D.N.Y. 2019) (internal citations omitted and emphasis added); *see* Fed. R. Civ. P. 33(a)(3). "[E]vasive or incomplete" interrogatory responses are treated as failures to respond. Fed. R. Civ. P. 37(a)(4).

"The oath requirement applicable to interrogatories has legal significance. Courts have routinely refused to consider interrogatories that do not comport with that mandate." *Steptoe v. City of Syracuse*, No. 5:09-CV-1132 NPM/DEP, 2011 WL 6012941 at * 5 (N.D.N.Y. Nov. 1, 2011) (collecting cases), *adopted*, 2011 WL 6012040 (N.D.N.Y. Nov. 30, 2011), *aff'd*, 513 F. App'x 8 (2d Cir. 2013); *see also Monclova v. City of New York*, 726 F. App'x 83, 84 (2d Cir. 2018) ("None of [the plaintiff]'s interrogatories were sworn under oath.  Therefore, the district court did not err in disregarding them."); *Cris v. Fareri*, No. 3:10CV1926(RNC), 2011 WL 13228490, at *1 (D. Conn. Dec. 13, 2011) ("Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses." (quotation omitted)).

Rule 33 "does not prescribe any particular form of verification." *Richard*, 332 F.R.D. at 457 (quoting *Zanowic v. Reno*, No. 97Civ.5292(JGK)(HBP), 2000 WL 1376251, at *5 (S.D.N.Y. Sept. 25, 2000)). "The courts that have addressed the issue of the form that an interrogatory oath must take appear to be in agreement that the oath requirement may be satisfied either by having the statement affirming the responses sworn to before a notary public or by providing a declaration pursuant to 28 U.S.C. § 1746." *Steptoe*, 2011 WL 6012941, at *4. Section 1746 provides that an

unsworn matter may be treated as sworn, provided that it is "prove[n] by [an] unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated[.]" *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) (quoting 28 U.S.C. § 1746) (emphasis omitted)).  Declarations made "under penalty of perjury" that interrogatory responses are "true and correct" satisfy the oath requirement. *See Cris*, 2011 WL 13228490, at *1 ("The plaintiff must provide a proper oath attesting to the truth of his interrogatory responses served upon the defendant such as 'Under penalties of perjury, I certify that the foregoing responses to interrogatories are true and correct.'").

In this case, while RSF and DEKit eventually submitted interrogatory responses, both sets of responses were merely signed with Mr. Mammano's electronic signature. (*See* Dkt. 30-2 at 7; Dkt. 30-3 at 6).  Consequently, Defendants have failed to show their responses were made under oath as required by Rule 33.  Defendants' notation that their responses were "duly sworn" without any mention of the potential penalty of perjury (*see* Dkt. 30-2 at 2; Dkt. 30-3 at 2) does not satisfy Rule 33's oath requirement.  *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 488 (holding that to satisfy § 1746, "a certification of the truth of a matter [must] be expressly made under penalty of perjury").  Defendants' interrogatory responses are therefore legally insufficient and must be re-submitted in compliance with Rule 33's oath requirement.

Plaintiffs also assert in their reply that RSF's and DEKit's answers to Plaintiffs' interrogatories "contain material inconsistencies or falsities." (Dkt. 30 at 7). A response to an interrogatory cannot be challenged on the grounds that the substance of the response is false, unless the movant can prove the alleged falsity. *See Richard*, 332 F.R.D. at 459. Challenging the veracity of a party's response amounts to a credibility determination, which is not properly resolved in the context of a discovery motion. *See id.* Here, Plaintiffs have not presented information that "definitively establish[es] that [Defendants'] responses were, in fact, falsely made." *Id.* For example, while Plaintiffs assert that RSF has falsely claimed not to use Instagram (*see* Dkt. 30 at 7), the screenshot of an Instagram account they submit in support of that assertion is unaccompanied by any proof that the subject Instagram account is in fact operated by RSF (*see* Dkt. 30-6 at 2-3). Similarly, while Plaintiffs claim to have "documentation" showing other falsehoods (Dkt. 30 at 7), they have not submitted that evidence to the Court. On a motion to compel, it is not this Court's function to assess the credibility of Defendants' interrogatory responses, particularly on such a scant record.

Further, the Court has already determined that Defendants must properly submit their interrogatory responses under oath and subject to penalty of perjury. Various mechanisms exist to address any of Defendants' interrogatory responses that are ultimately determined to be false. *See United States v. Jenkins*, 727 F. App'x 732, 734 (2d Cir. 2018) (noting that lying in a statement sworn under 28 U.S.C. § 1746 constitutes perjury); *Valentine v. Museum of Mod. Art*, 29 F.3d 47, 49 (2d Cir. 1994) ("The imposition of sanctions under Rule 37 lies within the discretion of the

district court[.]").  Thus, while the Court declines to address Plaintiffs' challenges to the veracity of Defendants' interrogatory responses at this stage of the proceedings, that issue may be revisited if it becomes ripe.

## IV.   <u>Failure to Produce Responsive Documents</u>

Rule 34(a)(1) requires a party to produce relevant documents in the party's "possession, custody, or control."   Fed. R. Civ. P. 34(a)(1).   Under this rule, a responding party is required "to conduct a reasonable and diligent search for responsive documents[.]" *Wilson v. Town of Cheektowaga*, No. 18-CV-1255W(F), 2021 WL 195348, at *3 (W.D.N.Y. Jan. 10, 2021) (quoting *Gainer v. United Automobile Agricultural Implement Workers, (UAW),* No. 08-CV-0501-W MS-MJR, 2016 WL 9455264, at *5 (W.D.N.Y. Mar. 17, 2016)).  "The responding party then must produce the requested documents 'or state with specificity the grounds for objecting to the request, including the reasons'" within 30 days. *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 34(b)(2)(A), (B), (C)); *see also Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 235 (W.D.N.Y. 1998) (Rule 34 requires responding party to provide written responses within 30 days).

Here, Rule 34(b)(2), and Plaintiffs' demands for production, required actual production of the sought materials "within thirty (30) days of the date [the] requests were served" on August 8, 2024. (Dkt. 26-5 at 2, 8; Dkt. 26-6 at 2, 8); *see* Fed. R. Civ. P. 34(b)(2)(A). There is no indication in the record before the Court that Defendants have produced any documents responsive to Plaintiffs' requests, though Defendants

separately provided Plaintiffs an invoice "relevant to the parties' claims and defenses" on October 7, 2024. (Dkt. 26-1 at 6; Dkt. 29 at 3). "Mere willingness to produce documents at some latter, unspecified time without then either forwarding copies of those documents or stating when that disclosure would occur does not satisfy Rule 34." *Assocs. Ins. Co. v. George J. Castle, Inc.*, No. 04CV174S, 2005 WL 8173538 (W.D.N.Y. July 21, 2005) (citation omitted); *see also Chow v. SentosaCare, LLC*, No. 19-CV-3541-FB-SJB, 2020 WL 559704, at *3 (E.D.N.Y. Jan. 23, 2020) ("[T]o the extent defendants intend to produce documents, it was required either to produce them on the date it served responses or provide a date on which it would make a production and the form that production would take." (quotation and original alterations omitted)).

RSF's and DEKit's revised responses to Plaintiffs' requests for production, which are dated October 23, 2024, repeatedly state that "Defendant will produce any relevant, non-privileged documents responsive to this request that are within its custody or control." (Dkt. 30-4; Dkt 30-5). Defendants' promises to produce documents at a later undisclosed date do not satisfy Rule 34. The Court therefore grants this portion of Plaintiffs' motion to compel and directs Defendants to produce responsive documents to the extent it has not previously done so. Such production shall occur within 30 days of entry of this Decision and Order.

## V.    **Representations That Responsive Documents Have Been Produced**

Plaintiffs request that the Court require Defendants to verify "under oath" their assertions that "RSF has produced all responsive documents, or that there are

no responsive documents" to certain requests. (Dkt. 30 at 9). However, the Court is entitled to rely on representations made by defense counsel that all relevant documents have already been produced or no such documents exist. *See Greer v. Carlson*, No. 20 Civ. 5484 (LTS) (SDA), 2020 WL 7028922, at *3 (S.D.N.Y. Nov. 29, 2020) ("[Defense] counsel is admitted to practice in this Court and is an officer of the Court.  If a statement made by counsel is false, he can be subject to discipline.  Thus, courts often rely upon statements made by counsel."); *see also Kozak v. Office Depot, Inc.*, No. 16 Civ. 943 (LJV) (JJM), 2020 WL 12957618, at *2 (W.D.N.Y. June 22, 2020) (relying on defense counsel's representation that it had produced all documents responsive to plaintiff's request, as "[t]he court is entitled to rely on the representations of counsel, as officers of the court") (citation omitted), *aff'd*, 2020 WL 5757183 (W.D.N.Y. Sept. 28, 2020).   Here, the revised responses are signed by Defendants' counsel.  (*See* Dkt. 30-4 at 5; Dkt. 30-5 at 5).  Absent concrete evidence that counsel's representations are untrue, the Court does not find further relief warranted on this basis at this time.

## VI.    Waiver of Defendants' Potential Future Objections

Defendants have—as Plaintiffs acknowledge—voluntarily withdrawn their objections to Plaintiffs' requests for production.  (*See* Dkt. 30 at 9).   Plaintiffs nonetheless ask the Court to "deem that Defendants waived their objections" to Plaintiffs' requests for production, because "they did not expressly waive these or any future objections." (*Id.* at 9).   Plaintiffs rely on *Metropolitan Life Insurance Co. v. Webb*, No. 23-897, 2024 WL 3342449 (2d Cir. July 9, 2024), where the court exercised

its discretion to deem the plaintiff's counsel's objection to a portion of jury instructions waived after counsel explicitly noted "she was 'okay' with the instructions" and that the issue she was objecting to "[wa]sn't going to matter." *Id.* at *1.

The Court need not address any potential future objections at this time because presently Defendants have interposed no objections and have expressed no intent to levy any in the future. Any ruling on this issue would thus be premature. *Metropolitan Life Insurance* is inapposite, because it involved an active controversy.

## VII.  <u>Attorney's fees</u>

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted or if the "requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

A request for fees may be denied only where (1) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" (2) "the opposing party's nondisclosure, response, or objection was substantially justified; or" (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *see Hassoun v. Searls*, 524 F. Supp. 3d 101, 109 (W.D.N.Y. 2021) ("It is widely accepted that an award of expenses under Rule 37(a)(5)(A) is mandatory unless one of the three exceptions applies.")

(cleaned up) (quoting *Wager v. G4S Secure Integration, LLC*, No. 1:19-CV-03547 MKV KNF, 2021 WL 293076, at *4 (S.D.N.Y. Jan. 28, 2021)).

If a motion to compel is granted in part and denied in part, "the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).  Courts in this Circuit have concluded that "Rule 37(a)(5)(C) effectively incorporates the substantive standards of Rule 37(a)(5)(A)[.]" *Rahman v. Smith & Wollensky Rest. Grp.*, No. 06CV6198, 2009 WL 2169762, at *2 n.1 (S.D.N.Y. July 21, 2009); *accord Alliance Indus., Inc. v. Longyear Holding, Inc.*, No. 08CV490S, 2010 WL 3991636 at *5 (W.D.N.Y. Oct. 12, 2010).  Therefore, in determining whether to award expenses under Rule 37(a)(5)(C), courts must consider the three exceptions listed under Rule 37(a)(5)(A). *See SEC v. Yorkville Advisors, LLC*, No. 12 Civ. 7728(GBD)(HBP), 2015 WL 855796, at *6 (S.D.N.Y. Feb. 27, 2015).

To recover expenses under Rule 37(a)(5)(A), "the only requirements are that a party has made a motion for 'an order compelling disclosure or discovery' and that 'the motion is granted.'" *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, No. 13 Civ. 816 (WHP) (GWG), 2014 WL 12902178, at *1 (S.D.N.Y. June 5, 2014) (quotations omitted).  The prevailing party therefore "is presumptively entitled to an award of motion expenses, including reasonable attorney's fees." *Kregler v. City of New York*, No. 08 Civ. 6893(VM)(MHD), 2013 WL 1415228, at *2 (S.D.N.Y. Apr. 8, 2013).  Thus, "[t]he burden is 'on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust.'" *White*

*v. Larusch*, 532 F. Supp. 3d 122, 124 (W.D.N.Y. 2021) (quoting *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008)).

Given that the Court has granted in part Plaintiffs' motion to compel, Defendants bear the burden of showing that Plaintiffs are not entitled to reasonable expenses for bringing their motion. *White*, 532 F. Supp. 3d at 124. Defendants make no argument that Plaintiffs "did not make a good faith effort" to resolve the discovery disputes resulting in their motion. Fed. R. Civ. P. 37(a)(5)(A)(i). Nor do Defendants argue that their failure to provide discovery response was "substantially justified." *Id.* at (a)(5)(A)(ii). Instead, Defendants rest on Rule 37(a)(5)(A)'s third exception, simply stating that the facts and circumstances of this case constitute "other circumstances mak[ing] an award of expenses unjust." *Id.* at (a)(5)(A)(iii). The Court finds this assertion unpersuasive.

Even considering Defendants' arguments that its discovery responses were permissibly delayed or insufficient due to their "busy season, . . . [and] limited resources available for the defense of this action[,]" that they have produced an invoice they deem "the crucial document in this case[,]" or "that Plaintiffs have not been prejudiced by Defendants' discovery responses and timing thereof [because] this case is at a very early juncture" (Dkt. 29 at 3, 5), the Court finds no "other circumstances" making an award of fees and costs unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii); *see Caravalho v. City of New York*, No. 13-CV-4174 (PKC), 2018 WL 5312886 (S.D.N.Y. Oct. 26, 2018) (explaining that "[t]here is . . . widespread agreement among the courts of appeals that indigency *per se* does not preclude an

award of costs . . .") (citations omitted); *Spencer v. Kenny*, Case No. 3:11cv50(RNC), 2015 WL 6958009, at *2 (D. Conn. Nov. 10, 2015) (finding defendant did not meet his burden to establish that there were other circumstances to make an award of expenses unjust); *see also Riley v. Marriott Int'l, Inc.*, No. 12-CV-6242P, 2014 WL 4794657 at *5 (W.D.N.Y. Sept. 25, 2014) ) ("a finding that the moving party has been prejudiced is not a prerequisite to the imposition of sanctions") (citing *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Emps. and Rest. Emps. Int'l Union*, 212 F.R.D. 178, 229 (S.D.N.Y. 2003)), *adhered to on reconsideration*, 2004 WL 1943099 (S.D.N.Y. 2004).

The Court thus finds Defendants have not met their burden to escape paying Plaintiffs' reasonable expenses incurred in making this motion as required by Rule 37(a)(5)(A). Thus, an award of costs and fees is warranted. *See Milliken & Co. v. Bank of China*, 758 F. Supp. 2d 238, 251 (S.D.N.Y., 2010) (awarding attorney's fees where "[t]he [defendant] repeatedly requested extensions of time to respond to [the plaintiff]'s requests, yet ultimately failed to do so.").

## CONCLUSION

For the foregoing reasons, the Court grants in part Plaintiffs' motion to compel (Dkt. 26) pursuant to Federal Rule of Civil Procedure 37. Defendants are ordered to produce documents responsive to Plaintiffs' requests for production, to the extent such documents have not already been produced, no later than 30 days from entry of this Decision and Order. Defendants are further ordered to provide properly verified responses to Plaintiffs' interrogatories as required by Rule 33 within 30 days of entry of this Decision and Order.

Plaintiffs must submit a sworn affidavit detailing the reasonable expenses, including attorney's fees, they incurred in litigating the portion of this motion that the Court has granted, accompanied by any documentation demonstrating their expenditures, no later than 30 days from this Decision and Order.  Defendants will have 14 days upon the filing of Plaintiffs' affidavit to submit a response. Plaintiffs' reply shall be filed within seven days thereafter, at which time the Court will take the matter under advisement.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated:   Rochester, New York
             April 7, 2025